■ In the Matter of DONALD S. FRANKOWSKI, for the Judicial Dissolution of D & M FISH SHOPPE, INC. (Appeal No. 2.) — Order unanimously affirmed, with costs, to respondents (see *Matter of Frankowski [D & M Fish Shoppe,* 45 A D 2d 992, affirming, without opinion, order of Special Term vacating petitioner's order to show cause initiating the dissolution proceeding). (Appeal from order of Erie Special Term dismissing petition.) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MIKE IRELAND, Appellant.— Judgment insofar as it imposes sentence for violation of section 265.05 of the Penal Law unanimously reversed, on the law, and matter remitted to Erie County Court for resentencing in accordance with memorandum, and otherwise judgment affirmed. Memorandum: The defendant was indicted, among other charges, for a violation of section 265.05 of the Penal Law which provides, insofar as here pertinent, in subdivision 9, as follows: "Any person who has in his possession any * * * dangerous knife * * * or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another is guilty of a class A misdemeanor, and he is guilty of a class D felony if he has previously been convicted of any crime". The record before us reveals that defendant had previously been convicted of a crime at the time he committed the present offense of having in his possession a dangerous knife with intent to use it against the victim. The sentencing court utilized that information to sentence defendant as though he were guilty of a Class D felony. This sentence was improperly imposed inasmuch as the mere possession with intent to use the knife in question is a Class A misdemeanor. The proper procedure to be followed where one offense is raised to a greater offense by virtue of the fact that the person charged has been previously convicted of a crime is set forth in CPL 200.60. That statute requires the District Attorney to file a special information with the court outside the presence of the jury, charging the defendant with having been previously convicted of a specified offense. The defendant must then be given an opportunity to plead to such a charge which will, if defendant admits it, be deemed to have established that element of the greater offense; and, if the defendant denies the charge or remains mute, the People are permitted to prove that element of the offense charged before the jury as a part of its case (CPL 200.60, subds. 2, 3, pars. [a], [b]). All of this evidence must be put in before the close of the People's case (*People v. Mauge,* 20 A D 2d 154). Here it is conceded that none of these statutory procedures was followed. This matter must, therefore, be remitted for an appropriate sentence considering that the defendant is guilty of a Class A misdemeanor violation of section 265.05 of the Penal Law. We have reviewed the appellant's other contentions raised on this appeal and find them to be without merit. (Appeal from judgment of Erie County Court convicting defendant of manslaughter, second degree and possession of weapons.) Present — Witmer, J. P., Moule, Cardamone, Simons and Mahoney, JJ.