■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS SWINTON, Appellant.—Judgment, Supreme Court, New York County, rendered on October 22, 1974 convicting defendant on a plea of guilty of attempted criminal possession of a dangerous drug in the sixth degree (Penal Law, § 110.00 and former § 220.05) is unanimously reversed, on the law, the facts and in the interest of justice, the motion to dismiss the indictment for lack of speedy trial is granted and the indictment is dismissed. The crime consisting of a sale of one grain of amphetamine to an undercover police officer for $20 is alleged to have taken place on January 31, 1972; the indictment was filed on July 21, 1972; defendant was not arrested until January 30, 1973. In March, 1973 defendant moved to dismiss the indictment for lack of speedy trial. The motion was denied in October, 1973. On October 22, 1974, defendant pleaded guilty to attempted criminal possession of a dangerous drug in the sixth degree, a Class B misdemeanor, in satisfaction of the indictment. He was sentenced to a conditional discharge; the period of the condition had expired before this appeal was noted for argument. Quite apart from any period of delay between the date of the alleged crime and the indictment, there was obviously more than six months' delay between indictment and arrest. Thus the People were obviously not ready for trial within six months of the commencement of the criminal action as required by CPL 30.30. It seems apparent that the whereabouts of the defendant were readily ascertainable with a minimum of effort, as he was on probation from a previous offense and was reporting regularly to his probation officer. Although he was at the Federal Rehabilitation Center in Lexington, Kentucky for five and one-half months starting May, 1972, this fact was known to and approved by his probation officer. Thus it would appear that a look at defendants' "yellow sheet" or a telephone call to his mother and a telephone call to his probation officer would have located him. Recognizing that there has been a prima facie showing of a failure to comply with the six months' rule of CPL 30.30, the District Attorney now suggests that we hold the appeal in abeyance and remand the case to the court below to hold a hearing on whether the defendant's location could have been determined by due diligence (presumably to bring the People within the tolling provision of CPL 30.30, subd 4, par [c]). We have decided not to accept the District Attorney's suggestion. The likelihood of the People being successful at such a hearing seems rather slim. Defendant contends that the delay has prejudiced him because by the time he was arrested he was unable to recall or reconstruct the events of the day of the alleged crime although he denies he possessed amphetamine. It appears that at least at the time of sentence defendant had a job on which he was doing well and on which he had had three promotions. The District Attorney referred to "defendant's apparent rehabilitation since the time this occurred." Four years have elapsed since the alleged crime. The crime herein involved is a Class B misdemeanor, the lowest category of

crimes. If we were to order a hearing and if the People were successful on the hearing, the sentence that would be imposed could not be more onerous than the sentence of conditional discharge previously imposed. We think it would be a pointless waste of our precious limited trial court facilities and a needless hardship and injustice to the defendant for us to order a hearing. Concur—Murphy, J. P., Lupiano, Burns, Silverman and Lane, JJ.