■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS F. MARTIN, Appellant. (Appeal No. 1.)—Judgment unanimously reversed as a matter of discretion in the interests of justice and new trial granted. Memorandum: Defendant has been convicted of two counts of criminal sale and two counts of criminal possession of a controlled substance, both in the third degree. The alleged sales occurred when defendant supplied heroin to a police undercover officer, once at the request of an informer known to defendant, and the second time at the request of the undercover officer. In each instance defendant obtained the drugs from his supplier and then delivered them to the police officer for an agreed price. Defendant conceded the details of the two transactions during his testimony. His defense throughout the trial was that he made the transfers voluntarily as the agent of the purchaser and was, therefore, guilty of no more than criminal possession (see *People v Lam Lek Chong,* 45 NY2d 64; *People v Roche,* 45 NY2d 78). At the conclusion of defendant's testimony, the District Attorney claimed that defendant had introduced evidence of entrapment and he requested greater latitude in cross-examination to establish predisposition. Over the vigorous opposition of defense counsel, the trial court ruled that defendant had introduced the affirmative defense of entrapment into the case and it permitted the District Attorney to make extensive inquiry of defendant as to his drug habits and prior use of drugs. In its charge, the court instructed the jury that defendant had the burden of proving that he was entrapped by the police. Defendant's counsel took no specific exception to the charge on entrapment but there can be no doubt from reading the extended and heated colloquy in the record that the defendant had no intention of attempting to prove entrapment and the issue was submitted to the jury without his consent. Indeed, to negate entrapment defendant tried to make it clear to the jury during redirect examination that he undertook these transactions with the undercover officer voluntarily and not as a result of any active inducement or encouragement by the police. There must be a reversal. Entrapment and agency defenses differ conceptually. When a defendant asserts the affirmative defense of entrapment in a drug sale case, he concedes that he made the sale, but he assumes the burden of proving that the police actively encouraged or induced him to make the sale when he was not predisposed to do so (Penal Law, § 40.05; see, generally, *Sorrells v United States,* 287 US 435). When a defendant asserts the defense of agency, he denies that he made the sale. Thus, in this case the defendant conceded that he engaged in the transactions charged in the indictment but only as an agent of the purchaser. He denied that he sold the drugs. By recognizing an entrapment defense, the court compelled defendant, if he was to meet his burden of sustaining that defense, to concede that he made the sale but to try and excuse it by showing improper police conduct. By its

charge, the court submitted to the jury as a defense contention that the defendant had in fact made two sales, and further imposed an affirmative burden upon defendant to excuse the sales which he denied by requiring him to show to the jury's satisfaction that the police had coerced him into doing something that he had testified previously that he had done voluntarily. A defendant has a right to chart his own defense to a criminal prosecution and neither the People nor the court may cast upon him the burden of proving an affirmative defense which he specifically disavows. We have considered the defendant's contention on receipt of the expert opinion testimony and find no error in it. (Appeal from judgment of Erie Supreme Court—criminal possession of controlled substance, third degree, and another charge.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Witmer, JJ.