■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES M. BABCOCK, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant alleges that a 483-day delay from his arrest until the People indicated their readiness for trial on an indictment charging him with driving while intoxicated as a felony and other offenses violated his statutory right to a speedy trial (CPL 30.30). The District Attorney concedes that 146 days of the delay are chargeable to him. At issue is the reason for 85 days of the delay in presenting the case to the Grand Jury. The District Attorney contends, and the trial court found, that the delay was occasioned by the defendant's request that the District Attorney investigate defendant's claim that he was not operating his vehicle when the crimes occurred and that his truck had been hijacked by hitchhikers. The record, however, does not support the conclusion that the 85-day period in question was spent investigating this claim (see *People v Hamilton,* 46 NY2d 932; *People v Washington,* 43 NY2d 772), or that this delay was caused by any request of defendant. Moreover, even if the period had been spent on such an investigation, it would not be excludable from the six-month statutory period. "During the preindictment period the matter is wholly under the control of the People, and there is nothing defendant can do to prevent or delay presentment of the case to the Grand Jury" (*People v McCaffrey,* 78 AD2d 1003). Therefore, the 231-day period of delay, which exceeds the statutory maximum, is chargeable to the People (CPL 30.30, subd 1, par [a]). In view of this holding it is unnecessary to consider other issues raised by defendant. However, we must note that during the defendant's trial the court erroneously failed to arraign the defendant upon a special information which alleged that defendant had been previously convicted of driving while intoxicated (see CPL 200.60, subd 3). If we were not dismissing this indictment on speedy trial grounds, this case

would have to be remitted for resentencing on a misdemeanor rather than a felony charge of driving while intoxicated (see *People v Peguese,* 63 AD2d 608; *People v Ireland,* 47 AD2d 580; *People v Garcia,* 46 AD2d 611). (Appeal from judgment of Onondaga County Court, Gale, J. — driving while intoxicated and other charges.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.