OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Tried for bribery, conspiracy and criminal facilitation, defendant, through his own testimony and the testimony of coemployees with whom he discussed his plan, defended on the ground that he intended only to catch and report to the proper authorities the public official he was accused of bribing for that official’s improper solicitation of a bribe. The Trial Judge charged, without objection from the People, that the jury must determine whether defendant intended to commit the crime charged, but also charged with respect to each count of the indictment (and later reread to the jury in response to a request by it), that defendant “urges the affirmative defense of entrapment”, as to which defendant rather than the People bore the burden of *668 proof, though only by a fair preponderance of the evidence. Both defendant and the People excepted to the charge on entrapment.
Defendant conceded that he engaged in the transaction charged, but only as a means of catching a public official in an illegal act. His defense, therefore, was not entrapment but lack of criminal intent. By charging entrapment, the Trial Judge shifted the burden of proof of criminal intent from the People to defendant (see, People v Martin, 66 AD2d 995). There must, therefore, be a reversal and a new trial.
In view of that conclusion it is unnecessary to discuss the other issues raised by defendant, except to note that the prosecutor should not have been allowed, without first establishing a good-faith basis for doing so, to question defendant concerning his relationship with Veneroso and Gowdie.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum; Judge Titone taking no part.
Order reversed, etc.