■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered June 25, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was arrested August 16, 1983, and charged with criminal possession of a weapon in the third degree. After an accusatory instrument was filed, he was released on his own recognizance and told that he would be informed as to the date of arraignment. The arraignment was later scheduled for October 5, 1983. The defendant did not appear. It was rescheduled for October 20, 1983, and once again the defendant was not in attendance. He was subsequently arrested on an unrelated weapons charge on June 3, 1984, and brought to trial on the August 16, 1983, weapons charge.

The defendant moved to dismiss the indictment on the ground that he had been denied his statutory right to a speedy trial under CPL 30.30, and prior to trial, a speedy trial hearing was held on the motion. The hearing court held that the defendant was attempting to avoid apprehension and that

his location could not have been discovered by the prosecution notwithstanding their diligent attempts to find him. This determination was erroneous.

The hearing court placed great weight upon the fact that the defendant, who was not raised by his biological parents, was known by two different last names and possessed two different Social Security numbers. While the use of aliases and differing Social Security cards will lead to the denial of a speedy trial motion when they are part of a comprehensive pattern of deception aimed at avoiding prosecution (see, People v Rivera, 106 AD2d 278; People v Manley, 63 AD2d 988), there was no such attempted avoidance in the instant case. The reason the warrant officers were unsuccessful in the attempt to locate the defendant was because they failed to locate the defendant's correct address from his court file. Two neighboring addresses were investigated and found to be vacant lots. These addresses appear to have been gleaned from the very papers which also bore the defendant's correct address. Thus, the defendant was, in effect, "lost in the system" (see, People v Scott, 56 AD2d 667). Had the warrant officers been more diligent in examining the court file, the defendant's whereabouts would have been ascertainable (see, People v Swinton, 52 AD2d 561). These court papers were available to the warrant officers and hence their failure to discover the defendant's actual address where he resided throughout their attempts to locate him precluded a finding of due diligence (see, People v Wharton, NYLJ, July 14, 1987, at 14, col 4). Accordingly, since the People failed to sustain their burden of proving that the defendant was attempting to avoid apprehension and his location could not have been discovered through the exercise of due diligence, the delay in bringing him to trial was not excludable but rather was properly chargeable to the People (CPL 30.30 [4] [c]). Thus, since the People were not ready for trial within six months of the commencement of this prosecution, the defendant's motion should have been granted and the indictment dismissed (CPL 30.30 [1] [a]; see, People v Daniel P., 94 AD2d 83). Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.