■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT DEGINA, Appellant

The trial court did not err in refusing to permit the defendant to offer into evidence a statement made by his codefendant, as that portion of the statement which tended to exculpate the defendant was not adverse to his codefendant's penal interest *(see, People v Brensic,* 70 NY2d 9, *mot to amend remittitur granted* 70 NY2d 722, *appeal after remand* 136 AD2d 169; *People v Thompson,* 129 AD2d 655). The trial court also did not err in permitting the officer who arrested the defendant two months after the crimes were committed to testify that when the defendant saw him he ran and hid, as the officer's testimony tends to establish consciousness of guilt *(see, People v Yazum,* 13 NY2d 302, *rearg denied* 15 NY2d 679).

The trial court did err, however, when, at the People's request and over defense counsel's objection, it charged the jury with respect to the affirmative defense of entrapment, as a fair reading of the record establishes that the entrapment defense was not raised *(see, People v Albright,* 65 NY2d 666; *People v Martin,* 66 AD2d 995). However, given the overwhelming evidence regarding the defendant's intent to commit the crimes for which he was convicted, we find that this error was harmless beyond a reasonable doubt *(see, People v Smalls,* 55 NY2d 407; *People v Crimmins,* 36 NY2d 230).

The law and the circumstances of this case, viewed together and at the time of representation, reveal that the defendant was provided with meaningful representation. Thus the defendant's constitutional right to effective assistance of counsel was not violated *(see, People v Satterfield,* 66 NY2d 796).

We have considered the remaining contentions raised by the defendant and find them to be either unpreserved for appellate review *(see, People v Montemurro,* 125 AD2d 605, *lv denied* 69 NY2d 748), or without merit *(see, People v Sanzo,* 122 AD2d 817, *lv denied* 68 NY2d 1004). Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.