■ The People of the State of New York, Respondent, v Barnard Hegedus, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered July 16, 1987, convicting him of operating a motor vehicle while under the influence of alcohol as a felony (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's convictions of operating a motor vehicle while under the influence of alcohol as a felony (two counts) to convictions of operating a motor vehicle while under the influence of alcohol as a misdemeanor (two counts), and vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for resentencing.

The defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2]). As a result of a prior conviction for driving while intoxicated, the charged crime was elevated from misdemeanor to felony status and each count was designated as such in the indictment *(see,* Vehicle and Traffic Law § 1192 [5]).

The defendant contends and the People concede that the procedures set forth in CPL 200.60 were violated in that the defendant was never arraigned upon the special information which alleged that he had previously been convicted for driving while intoxicated. Since the defendant was denied the opportunity to contest the validity of the predicate conviction, the felony counts upon which he was convicted must be

reduced to misdemeanor offenses *(see, People v Babcock,* 86 AD2d 979; *People v Peguese,* 63 AD2d 608; *People v Ireland,* 47 AD2d 580). Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.