■ The People of the State of New York, Respondent, v

CHRIS GUTHRIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 12, 1988, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence at trial established that at approximately 3:00 A.M. on May 31, 1987, the defendant, his codefendant Horace Shepherd, and an unapprehended accomplice held two men at gunpoint in front of a Brooklyn nightclub, and took their automobile and jewelry. On the afternoon of June 3, 1987, following an attempt by a police officer to stop the stolen vehicle for a traffic violation in Queens, the defendant and his codefendant, who were backseat passengers in the stolen car, were apprehended after a high-speed chase and a flight on foot. On June 6th, one of the victims identified the defendant in a lineup and the codefendant in a separate lineup.

On appeal the defendant contends that certain remarks made by the court and by the prosecutor on summation, as well as certain aspects of the court's charge, deprived him of his right to a fair trial. The defendant's contentions are without merit.

The prosecutor did not "[repeatedly] comment * * * on the defendant's failure to testify," or impermissibly imply that his silence was evidence of guilt. Rather, her remarks to the effect that he had "spoken" by his presence in the stolen vehicle, and by his subsequent flight therefrom, were designed to remind the jury that there was more evidence pointing to the defendant's guilt than the single identifying witness's testimony, as the defendant's counsel had urged on his summation *(People v Allen,* 121 AD2d 453, 454, *affd* 69 NY2d 915). Thus, this is not a case where "the inevitable or only reasonable conclusion to be drawn" from the prosecutor's remarks was an adverse comment on the defendant's failure to take the stand *(People v Gilmore,* 152 AD2d 743; *People v Garcia,* 51 AD2d 329, *affd* 41 NY2d 861).

Nor did the prosecutor "denigrate" the defense by characterizing as "desperate" defense counsel's argument on summation that the investigating detective had coached the identifying witness and had falsified the results of two lineups. In the circumstances, the prosecutor's remark "did not exceed the broad bounds of rhetorical comment permissible in closing argument" *(People v Galloway,* 54 NY2d 396, 399; *People v Allen, supra).*

Equally unfounded is the defendant's contention that the court erred in submitting the presumption arising from the recent and exclusive possession of the fruits of a crime to the jury *(see, Knickerbocker v People,* 43 NY 177; *People v Galbo,* 218 NY 283). It has been held that "the inference arising from guilty possession may be applied to a passenger of an automobile" even when there is no " 'strong additional evidence connecting him with the crime' " *(People v Shurn,* 69 AD2d 64, 70). It should be noted that although not required by New York law, flight alone does constitute such "additional evidence", as does the unshaken identification testimony of one of the victims. Moreover, flight and consciousness of guilt are factors which, although of slight probative value, are to be considered by the trier of fact, even where the People have not excluded every other possible motivation for the defendant's flight *(People v Yazum,* 13 NY2d 302).

In addition, the court did not err in failing to emphasize in its instructions to the jury that the victims' original description of the perpetrators as contained in the complaint report was not detailed, since the original description was in no way inconsistent with subsequent descriptions or with the defendants' actual appearance *(cf., People v McCann,* 90 AD2d 554).

While the court incautiously remarked that the identifying witness, who had come from another State to testify, might not be "subject to the jurisdiction of a subpoena," its subsequent offer to give a curative instruction was declined by defense counsel, and the isolated error was harmless *(People v Crimmins,* 36 NY2d 230).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.