■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS AVINCOLA, Appellant.—Judgment of the Supreme Court, New York County (Rena Uviller, J.), rendered on September 4, 1986, convicting defendant, following a jury trial, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of from 25 years to life, is unanimously affirmed.

Defendant was convicted, following a jury trial, of murdering another drug trafficker on December 30, 1985. Several days prior to the killing, defendant warned the victim and the victim's female companion to stay away from defendant's customers. A few days after the warning, defendant happened to pass the apartment of an acquaintance, while carrying a weapon that resembled a shotgun. In addition, defendant, the day before the shooting, stated to the same acquaintance that he was going to kill the victim. Several minutes prior to the homicide, defendant was drinking a soda with another acquaintance outside of the building where defendant and the victim plied their trade. A few moments later, a gunshot rang

out. After the shooting, defendant encountered the victim's companion and told her that he had shot her "old man". Within hours, defendant was taken into custody outside the hotel room to which he had been traced. At the precinct he was given *Miranda* warnings. Although he claimed that he had nothing to hide, he was not questioned immediately since the police believed that defendant was under the influence of drugs. Defendant subsequently made an exculpatory statement but, during a second round of questioning, he admitted that he had threatened the victim.

Defendant contends that his statements should have been suppressed. However, there is no merit to any of the arguments advanced in favor of his claim. Although defendant's agitation and dilated pupils constituted physical manifestations of his drug use, the hearing court's conclusion that defendant was alert was warranted by the evidence. In that regard, his suggestion that the detective switch from English to Spanish is strong indication that he did not lack the capacity to appreciate the nature and consequences of his statements, his drug use notwithstanding *(see, People v Schompert,* 19 NY2d 300, 305). Defendant also cites the detective's imperfect Spanish, but the officer's fluency cannot be seriously doubted. Spanish was the officer's native language, he studied it in high school, and he spoke it at home for many years.

Further, defendant's arrest was supported by probable cause. While he challenges the reliability of the victim's female friend, who stated that defendant had admitted the shooting to her, she was, as a citizen informant, presumptively reliable *(People v Cruz,* 149 AD2d 151, 157), and the basis of her knowledge is self-evident. Equally without substance is defendant's contention that his right to counsel had indelibly attached since the police had obtained a search warrant while he was in custody. A warrant, however, is distinct from an accusatory instrument *(see, People v Samuels,* 49 NY2d 218; *People v Sugden,* 35 NY2d 453).

The testimony that defendant had possessed a weapon that looked like a shotgun did not constitute proof of an uncharged crime. Moreover, the relevance of this evidence is clear since it tended to show that defendant had the means to commit the crime. Significantly, defendant's possession of the weapon was not offered to the jury in isolation. A .30 caliber shell was discovered at the scene, and there was proof that a weapon of that caliber could be cut down to measure the same length as the weapon observed by the witness. In addition, the prosecutor specifically argued that the testimony concerning the

weapon was introduced in order to demonstrate that defendant had the means to shoot the victim. Nor was defendant deprived of his right of confrontation because two of the witnesses occasionally asserted their privilege against self-incrimination. Counsel's inability to procure a response to every question did not prevent him from adequately challenging the direct testimony of the two witnesses *(People v Chin,* 67 NY2d 22, 28), and, indeed, the record does not indicate that defendant's attorney abandoned any line of interrogation or argument as a result of the invocation of the privilege against self-incrimination. Further, defendant's lawyer took advantage of other evidence to attack the credibility of the victim's girlfriend, and while he could have similarly attempted to undermine the acquaintance's testimony, he, instead, offered that testimony to the jury as proof that defendant's presence on the scene was innocent.

Finally, the court did not abuse its discretion by denying defendant's motion for a mistrial on the ground that the prosecution had failed to produce a witness whose anticipated testimony was mentioned in the prosecutor's opening *(see, People v De Tore,* 34 NY2d 199, 207). We perceive no bad faith, and defendant's claim of undue prejudice, not raised below, is contradicted by his attorney's assertion during summation that the witness's disappearance was improperly motivated. We have considered defendant's remaining contentions and find them either lacking in merit or unpreserved for appellant review. Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.