■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE SHEPHERD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered October 17, 1988, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence at trial establishes that at approximately 3:00 A.M. on May 31, 1987, the defendant, his codefendant Chris Guthrie, and an unapprehended accomplice held two men at gunpoint in front of a Brooklyn nightclub, and took their automobile and jewelry. On the afternoon of June 3, 1987, following an attempt by a police officer to stop the stolen vehicle for a traffic violation in Queens, the defendant and his

codefendant, who were backseat passengers in the stolen car, were apprehended after a high-speed chase and a flight on foot. On June 6th, one of the victims identified the defendant in a lineup and the codefendant in a separate lineup.

On appeal, the defendant contends that it was error for the court to have admitted evidence of the defendant's flight from the stolen vehicle three days after the crime; and he further contends that certain remarks made by the court and by the prosecutor on summation, coupled with a deficiency in the court's charge, deprived him of his right to a fair trial. He also argues in his supplemental *pro se* brief that the court should not have admitted evidence of his lineup identification.

The defendant's contentions are without merit.

The trial court properly admitted evidence of the defendant's flight because it was circumstantial evidence of his consciousness of guilt. As this court stated in evaluating this same issue on the codefendant Guthrie's appeal: "flight and consciousness of guilt are factors which, although of slight probative value, are to be considered by the trier of fact, even where the People have not excluded every other possible motivation for the defendant's flight" *(People v Guthrie,* 157 AD2d 668, 670, citing *People v Yazum,* 13 NY2d 302). The mere fact that the flight took place three days after the robbery, rather than immediately following the crime, does not necessitate its exclusion *(People v DeGina,* 140 AD2d 537, *revd on other grounds* 72 NY2d 768).

The defendant's claim on appeal that the court did not properly charge the jury on the limited value of the evidence of flight is unpreserved for appellate review since the defendant did not object to the charge on this ground at trial (CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, the record reveals that the court painstakingly instructed the jury on the weight to be given the evidence of flight which in its charge, properly left to the jury the question of whether the evidence of flight indicated consciousness of guilt, underscoring that there were other possible explanations for it *(cf., People v Fiorentino,* 197 NY 560, 567-568).

Nor was there any impropriety in the prosecutor's summation. The remarks by the prosecutor of which the defendant complains were fair comments on the evidence or related to reasonable inferences to be drawn therefrom, while others constituted legitimate responses to defense counsel's summation *(People v Galloway,* 54 NY2d 396; *cf., People v Ashwal,* 39 NY2d 105; *People v Guthrie,* 157 AD2d 668, *supra).*

Finally, there is no merit to the defendant's *pro se* contention that the evidence of his lineup identification should have been suppressed because his attorney did not attend the lineup and because the defendant did not waive his presence. Where, as here, a lineup occurs before an accusatory instrument is filed and is merely investigatory in nature, the defendant's right to counsel does not attach *(People v Coates,* 74 NY2d 244, 248; *People v Hawkins,* 55 NY2d 474, 486-487, *cert denied* 459 US 846).* Therefore, there was no violation of the defendant's right to counsel. We note that the police were aware of the defendant's representation by counsel on a separate matter, and that they notified counsel of the scheduled lineup; but the defendant's attorney on that matter declined to attend. Thompson, J. P., Bracken, Rosenblatt and O'Brien, JJ., concur.