■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANANND RAMJATTAN, Appellant. [628 NYS2d 602] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered May 3, 1993, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the second degree, after a non-jury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of unauthorized use of a vehicle in the second degree to unauthorized use of a vehicle in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

In addition to the charge of criminal possession of stolen property in the fourth degree, the defendant was indicted for unauthorized use of a vehicle in the second degree, due to a prior conviction for unauthorized use of a vehicle in the third degree, which elevated the instant unauthorized use charge from misdemeanor to felony status (see, Penal Law § 165.06).

The defendant contends, and the People correctly concede, that the procedures set forth in CPL 200.60 were violated in that the defendant was never arraigned upon the special information which alleged that he had previously been convicted for unauthorized use of a vehicle in the third degree. Since the defendant was denied the opportunity to contest the validity of the predicate conviction, the felony count upon which he was convicted must be reduced to a misdemeanor (see, People v He-

*gedus,* 146 AD2d 586; *People v Babcock,* 86 AD2d 979). There is no need, however, to remit the matter for resentencing since the defendant has already served in excess of the maximum time to which he could be sentenced on the conviction of unauthorized use of a vehicle in the third degree *(see, People v Bernard,* 123 AD2d 324).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.