■ In the Matter of the Estate of WILLIAM TIZER, Deceased. BURTON K. STEIN et al., Respondents; JEFFREY R. TIZER, Appellant. DANIEL ROSKOFF, Nonparty Respondent. [786 NYS2d 743]—

Decree, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about November 24, 2003, which admitted decedent's will to probate, unanimously affirmed, without costs.

The proponents of the will met their burden, through the affidavits of the subscribing witnesses and the attorney who had drafted the instrument, of establishing a prima facie case of testamentary capacity, and appellant failed to rebut that proof (see Matter of Kumstar, 66 NY2d 691 [1985]; Matter of Windheim, 192 AD2d 337 [1993], lv denied 83 NY2d 751 [1994]). There is no evidence in the record of fraud or conspiracy on the part of petitioners or appellant's appointed guardian ad litem.

We have considered appellant's remaining arguments and find them without merit. Concur—Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTIN FLORES, Appellant. [789 NYS2d 105]—

Judgment, Supreme Court, New York County (Felice Shea, J.), rendered December 12, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 6 to 12 years, unanimously affirmed.

The court properly delivered a consciousness-of-guilt charge, since defendant's abandonment, at the approach of the police, of a paper bag later discovered to contain heroin, as well as his struggle with the police before being handcuffed, provided a sufficient evidentiary predicate for such a charge (see People v Yazum, 13 NY2d 302, 304 [1963]; see also People v Alexander, 37 NY2d 202, 203 [1975]). Any ambiguity in defendant's conduct was for the jury to consider. Defendant's challenge to the language of the consciousness-of-guilt charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge conveyed the proper standards.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.