■ The People of the State of New York, Respondent, v Ronnie Lendore, Appellant. [828 NYS2d 567]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered October 7, 2003, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with assaulting the complainant by shooting him with a shotgun. At trial, two witnesses testified that before the incident the defendant had shown them a shotgun. The defendant contends that the admission of this testimony deprived him of his right to a fair trial because the evidence was not relevant. However, the evidence was relevant because it tended to show that the defendant had the means to commit the crime. Therefore, the trial court properly admitted the testimony (*see People v Avincola*, 162 AD2d 288, 289 [1990]). The defendant's remaining arguments regarding the admission of this trial testimony are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Gonzalez*, 55 NY2d 720, 722 [1981], *cert denied* 456 US 1010 [1982]; *People v Okon*, 184 AD2d 664 [1992]).

Evidence of flight is admissible as circumstantial evidence of consciousness of guilt (*see People v Shepherd*, 176 AD2d 369, 370 [1991]; *People v Yaghnam*, 135 AD2d 763, 764 [1987]). Contrary to the defendant's contention, the trial court properly admitted evidence that he left the country approximately one week after the incident notwithstanding the fact that the defendant returned to New York after only two weeks in Grenada

(*see People v Fama,* 212 AD2d 542, 543 [1995]; *People v Shepherd, supra; People v Yaghnam, supra*). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.