■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN L. ZUHLKE, Appellant. [890 NYS2d 231]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered April 5, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he acted with the requisite intent for accomplice liability. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Whether an accessory shares the intent of a principal actor may be established by circumstantial evidence (*see generally People v Ozarowski*, 38 NY2d 481, 489 [1976]; *People v Johnson*, 101 AD2d 684 [1984]).

Here, it is undisputed that defendant knew that the other individuals in the vehicle in which he was a passenger planned to use the gun in an unlawful manner. The People presented evidence, including defendant's sworn statement, from which the jury could reasonably infer that defendant was a participant in the plan, from its inception, to acquire the gun and to locate an individual who would act as the gunman. Contrary to the contention of defendant, evidence of his flight from the scene of the shooting was admissible as circumstantial evidence of his consciousness of guilt (*see People v Lendore*, 36 AD3d 940 [2007], *lv denied* 8 NY3d 947 [2007]).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.