■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNEL HILL, Also Known as DANIEL HILL, Appellant. [894 NYS2d 909]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cohen, J.), rendered June 19, 2007, convicting him of attempted murder in the second degree, gang assault in the first degree, assault in the first degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial by the Supreme Court, Westchester County (Adler, J.), after a hearing, of that branch of the defendant's motion which was pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30 is granted, the indictment is dismissed, and the matter is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

As the People correctly concede, the judgment must be reversed and the indictment dismissed because they were not ready for trial within the time required by statute (*see* CPL 30.30 [1] [a]; 210.20 [1] [g]), and sufficient time is not excludable from the calculation (*see People v Luperon*, 85 NY2d 71, 77-78 [1995]; *People v Price*, 61 AD3d 127, 129 [2009]). At the hearing, the People failed to prove either that the defendant was attempting to avoid apprehension or that his location could not be determined by due diligence, necessary predicates for an exclusion of time based upon the defendant's absence (*see* CPL 30.30 [4] [c] [i]). The police failed to exhaust all reasonable investigative leads as to the defendant's whereabouts (*see People*

*v Devore*, 65 AD3d 695 [2009]). "It seems apparent that the whereabouts of the defendant were readily ascertainable with a minimum of effort, as he was on probation from a previous offense and was reporting regularly to his probation officer" (*People v Swinton*, 52 AD2d 561, 561 [1976]). As a result, the period of time from May 11, 2005, to May 10, 2006, should not have been excluded from the speedy-trial calculation, and that branch of the defendant's motion which was to dismiss the indictment pursuant to CPL 30.30 should have been granted. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.