■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD PARRISH, Appellant. [898 NYS2d 551]—Appeal by the de-

fendant from a judgment of the County Court, Westchester County (Cohen, J.), rendered July 10, 2007, convicting him of attempted murder in the second degree, gang assault in the first degree, and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial by the Supreme Court, Westchester County (Adler, J.), after a hearing, of those branches of the defendant's omnibus motion which were pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, to dismiss the indictment on the ground that he was deprived of his constitutional right to a speedy trial, and to suppress identification evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Calabria*, 3 NY3d 80, 82 [2004]). Although the complainant was subjected to suggestive photographic array procedures, he had an independent source for his in-court identification of the defendant (*see People v Dell*, 11 AD3d 631 [2004]; *People v Paris*, 2 AD3d 881 [2003]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]), since the complainant's identification testimony was not inherently incredible or unworthy of belief.

The County Court properly charged the jury on avoidance of police as consciousness of guilt (*see People v Yazum*, 13 NY2d 302, 304 [1963]; *People v Robinson*, 10 AD3d 696 [2004]; *People v Guthrie*, 157 AD2d 668, 670 [1990]; CJI2d[NY] Consciousness of Guilt). The prosecutor's related comment during summation constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Holland*, 174 AD2d 508 [1991]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (*see* CPL 30.30). At the hearing, the People established that sufficient time was excludable because the de-

fendant's location could not be determined by due diligence (*see* CPL 30.30 [4] [c] [i]; *People v Luperon*, 85 NY2d 71, 79 [1995]; *People v Grey*, 259 AD2d 246, 249 [1999]; *cf. People v Hill*, 71 AD3d 692 [2010] [decided herewith]; *People v Devore*, 65 AD3d 695 [2009]). In addition, upon balancing all the factors to be considered in connection with the defendant's constitutional speedy-trial claim (*see People v Taranovich*, 37 NY2d 442, 445 [1975]), we find that the defendant's right to a speedy trial was not violated (*see People v Singer*, 44 NY2d 241, 254 [1978]; *People v Allah*, 202 AD2d 599 [1994]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.