◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO ARRIAGA, Appellant. [909 NYS2d 379]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 24, 2008, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly precluded defense counsel from cross-examining a prosecution witness concerning an alleged prior incident of domestic violence between the witness and his wife, because counsel failed to establish a good-faith factual basis for the inquiry (*see People v Bennett*, 50 AD3d 1047 [2008]; *People v Olibencia*, 45 AD3d 607, 608 [2007]; *People v Dellarocco*, 115 AD2d 904, 905 [1985]).

The defendant's contention that the Supreme Court erred in charging the jury on consciousness of guilt is without merit. The evidence, inter alia, of the defendant's flight provided a sufficient factual predicate for such a jury instruction (*see People v Solimini*, 69 AD3d 657 [2010]; *People v Cartledge*, 50 AD3d 1555, 1556 [2008]; *People v Robinson*, 10 AD3d 696 [2004]; *People v Blasini*, 253 AD2d 886 [1998]; *People v Shepherd*, 176 AD2d 369 [1991]). The defendant's claim that the language of the consciousness of guilt charge was improper and misleading is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Valerio*, 70 AD3d 869, 870 [2010]; *People v Flores*, 14 AD3d 351 [2005]; *People v Stanley*, 235 AD2d 559 [1997]; *People v Shaw*, 111 AD2d 415, 417 [1985]). In any event, the Supreme Court's charge "conveyed the proper standard of law and did not confuse or mislead the jury" (*People v London*, 248 AD2d 554, 555 [1998]). The Supreme Court instructed the jury on the weight to be given to the evidence, properly left to the jury the question of whether the evidence indicated consciousness of guilt, and discussed the possibility of an "innocent explanation" for the conduct at issue (*see People v Solimini*, 69 AD3d at 658; *People v Shepherd*, 176 AD2d at 370). The Supreme Court also properly instructed the jury that evidence of consciousness of guilt, on its own, may never be the basis for a finding of guilt (*see People v Robinson*, 10 AD3d 696 [2004]).

The defendant's contention that the prosecutor improperly commented on the consciousness of guilt evidence during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v James*, 72 AD3d 844, 845 [2010], *lv denied* 15 NY3d 752 [2010]; *People v Boyce*, 54 AD3d 1052, 1053 [2008]). In any event, the challenged remarks constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Parrish*, 71 AD3d 697 [2010]). Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.