■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADFORD WASHINGTON, Appellant. [938 NYS2d 923]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 31, 2008, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and endangering the welfare of a child, under

indictment No. 999/05, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered February 11, 2009, convicting him of murder in the second degree, under indictment No. 1000/05, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contentions that the court improperly permitted a detective to testify about his attempts to find the defendant and that it improperly charged the jury on consciousness of guilt are unpreserved for appellate review (*see People v Arriaga*, 77 AD3d 846, 847 [2010]). In any event, those claims are without merit. First, the detective's testimony supported the People's argument that the defendant's attempt to evade the police demonstrated his consciousness of guilt (*id.* at 847; *see People v Solimini*, 69 AD3d 657, 658 [2010]; *People v Scharpf,* 60 AD3d 1101, 1103 [2009]; *People v Allen*, 61 AD2d 619, 622 [1978], *affd* 48 NY2d 760 [1979]; *cf. People v Stilwell*, 244 NY 196, 199 [1926]). Second, a charge on consciousness of guilt was warranted by the evidence, and the court's charge here was correct (*see People v Arriaga*, 77 AD3d at 847; *People v Robinson*, 10 AD3d 696 [2004]; CJI2d[NY] Consciousness of Guilt).

The defendant's contention that the prosecutor changed the theory of the prosecution during his summation is without merit. A fair reading of the summation reveals that the prosecutor never wavered from the People's theory that the defendant had been the gunman. In any event, the defendant's status as a principal or accomplice has no bearing on the theory of liability (*see People v Mateo*, 2 NY3d 383, 408-409 [2004], *cert denied* 542 US 946 [2004]; *People v Rivera*, 84 NY2d 766, 770-771 [1995]).

Inasmuch as the defendant raises no independent claim regarding his conviction under indictment No. 1000/05, that judgment must be affirmed in light of the affirmance of the judgment on indictment No. 999/05 (*cf. People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). Balkin, J.P., Belen, Hall and Sgroi, JJ., concur.