Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Camacho, J), rendered December 13, 2011, convicting him of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (3) as a class E felony under indictment No. 2150/09, upon his plea of guilty (Griffin, J), and imposing sentence, (2) a judgment of the same court (Camacho, J.), also rendered December 13, 2011, convicting him of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (2) as a class D felony under indictment No. 348/11, upon his plea of guilty, and imposing sentence, and (3) a judgment of the same court (Mullings, J.), rendered December 22, 2011, convicting him of operating a motor vehicle while under the influence of alcohol or drugs in violation of Vehicle and Traffic Law § 1192 (2) as a class E felony under superior court information No. 3446/11, upon his plea of guilty, and imposing sentence.
Ordered that the judgments are affirmed.
The defendant contends, among other things, that his plea agreement with respect to indictment No. 2150/09 was inherently illegal. That plea agreement provided for misdemeanor treatment of the defendant’s conviction of operating a motor ve *1016 hiele while under the influence of alcohol or drugs, in the event the defendant fulfilled certain conditions. The defendant now contends that his conviction was necessarily a felony in light of his recent prior conviction of the same crime, and that misdemeanor treatment was therefore illegal. The defendant’s contention is without merit. A defendant’s prior conviction of operating a motor vehicle while under the influence of alcohol or drugs is an essential element of the crime of operating a motor vehicle while under the influence of alcohol or drugs as a felony (see Vehicle and Traffic Law § 1193 [1] [c]; cf. People v Cooper, 78 NY2d 476, 481 [1991]; People v Ramjattan, 217 AD2d 597 [1995]; People v Hegedus, 146 AD2d 586, 587 [1989]; People v Babcock, 86 AD2d 979, 979-980 [1982]). Accordingly, the existence of the prior conviction must be proven; felony classification is not automatic without such proof. Thus, the agreement between the defendant and the People that, in the event the defendant successfully completed a treatment program, the felony charge would be dismissed and his conviction of the misdemeanor would stand, was not illegal.
At the sentencing proceeding on indictment Nos. 2150/09 and 348/11, the defendant was aware of the sentences he was to receive before the Supreme Court actually imposed those sentences. Nonetheless, he failed to move to withdraw his pleas of guilty or otherwise object to those sentences, on the ground he raises now, namely that the plea conditions had not been fully explained to him when he pleaded guilty. Accordingly, his claims are not preserved for appellate review (see People v Murray, 15 NY3d 725, 726-727 [2010]; cf. People v McAlpin, 17 NY3d 936, 938 [2011]), and the circumstances do not warrant the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]).
The defendant’s only contention regarding the judgment of conviction rendered under superior court information No. 3446/11 is that it should be reversed if the judgments rendered under indictment Nos. 2150/09 and 348/11 are reversed (see People v Fuggazzatto, 62 NY2d 862, 863 [1984]). In light of the affirmance of those judgments, the judgment rendered under superior court information No. 3446/11 must be affirmed as well (see People v Washington, 93 AD3d 681, 682 [2012]; cf. People v Fuggazzatto, 62 NY2d at 863). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.