OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
On January 5, 2010, defendant pleaded guilty to a charge of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), a class A misdemeanor, which conviction is the subject of the instant appeal. He admitted that, on January 10, 2009, he had stolen several items from a Staten Island supermarket. Defendant also pleaded guilty, pursuant to a superior court information, to a felony charge of grand larceny in the fourth degree (Penal Law § 155.30 [1]), in connection with an incident that had occurred in November and December 2009, and to criminal mischief in the fourth degree (Penal Law § 145.00 [1]), a class A misdemeanor, in connection with an incident that had occurred in September 2008. The propriety of these latter two convictions is not before us.
The pleas were conditioned on, among other things, defendant’s completion of a drug rehabilitation program under the auspices of the Staten Island Treatment Court. The Criminal *24 Court informed defendant that if he completed all of the requirements of the treatment court and the rehabilitation program, all of his pleas would be vacated, and all of the charges would be dismissed and sealed. However, if he did not complete the program and/or violated the rules of the treatment court and the rehabilitation program, “the felony pleas [sic] [would] stand.” The court did not specifically state that if he did not complete the program, the misdemeanor pleas would stand as well. The court also informed defendant that he could “expect to be sentenced to one year in jail on the felony,” and “up to 6 months on at least one of the misdemeanors.” Defendant indicated that he understood everything the court said to him, that he was aware that he was entering a long-term, 12-to-24-month residential drug treatment program, and that he wanted to do so.
On that same date, January 5, 2010, defendant signed an agreement by which, among other things, he accepted “the option to enter Staten Island Treatment Court Misdemeanor Part (SITCM),” and that his “failure to follow the rules of SITCM and my treatment program can result in Court sanctions, which may include a change in my treatment plan and/or incarceration.” He understood that the “failure to complete Treatment Court” could result in his receiving “a jail/prison sentence.” It is undisputed that defendant did not complete the drug rehabilitation program and/or the treatment court.
In November 2011, defendant underwent a mental examination pursuant to CPL 390.30 (2). On December 12, 2011, he was determined to be fit to proceed. On March 28, 2012, after the court determined that defendant did not meet the conditions of his pleas, insofar as it is applicable to this appeal from his conviction of criminal possession of stolen property in the fifth degree, defendant was sentenced to a term of incarceration of 90 days.
Defendant contends that his conviction should be reversed because, during the plea proceeding, he was told by the court that if he did not comply with the rules of the treatment court and complete the drug rehabilitation program, only his plea to the felony would stand. Defendant argues that preservation of this issue was not required, because he was not told until sentencing that a jail sentence on the misdemeanor conviction of criminal possession of stolen property in the fifth degree would be imposed. Defendant claims that People v McAlpin (17) NY3d 936 [2011]) should apply in this case. In McAlpin, the Court of Appeals determined that preservation was not *25 required because the lower court did not inform the defendant that he would be subject to postrelease supervision until “moments before imposing the sentence” {id. at 938).
In McAlpin, there was a complete failure to inform the defendant regarding postrelease supervision until moments before the sentence was imposed. In this case, by contrast, the court informed defendant that the failure to comply with the requirements of the plea agreement could lead to a jail sentence with respect to his “felony pleas [sic].” Thus, McAlpin is not applicable in this case, as defendant had ample opportunity to object to the imposition of a jail sentence before sentence was formally imposed. Furthermore, counsel’s statements at sentencing confirm that defendant was aware of a potential jail sentence for both the felony and misdemeanor convictions, as counsel asked the court to impose three concurrent sentences of six months of incarceration. Consequently, defendant’s failure to preserve the issue in the sentencing court precludes appellate review of the issue (see People v Turner, 24 NY3d 254, 258-259 [2014]; see also People v Williams, 120 AD3d 721, 721-723 [2014]; People v Valerio, 110 AD3d 1015, 1016 [2013]).
In any event, defendant’s contention is without merit. Defendant signed an agreement to enter the “Staten Island Treatment Court Misdemeanor Part” that clearly indicated the possibility of a jail sentence upon noncompliance (see People v McKeney, 45 AD3d 974, 974-975 [2007]). Furthermore, at the plea proceeding, the court told defendant that he “can also expect to be sentenced to one year in jail on the felony,” and “up to 6 months on at least one of the misdemeanors.” This statement by the court clearly indicated that it could sentence defendant to a term of six months of incarceration on at least one of the misdemeanors. Thus, defendant was, or at least should have been, aware that he could have been sentenced to a term of six months of incarceration bn either or both of the misdemeanors.
The fact that defendant may have had mental health developmental difficulties is of no moment, as it is undisputed that defendant was found to be fit to proceed after an examination pursuant to CPL 390.30 (2).
Accordingly, the judgment of conviction is affirmed.
Pesce, P.J., Aliotta and Elliot, JJ., concur.