People v Spagnuolo (2019 NY Slip Op 05281)





People v Spagnuolo


2019 NY Slip Op 05281


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


294 KA 16-01088

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD SPAGNUOLO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DARIENN M. POWERS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
RICHARD SPAGNUOLO, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 18, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]), defendant contends in his main brief that his attorney's failure to timely request a missing witness charge deprived him of effective assistance of counsel. We reject that contention.
Defense counsel sought the missing witness charge at the conclusion of defendant's testimony. After initially denying the request as untimely, Supreme Court reviewed the merits of the application and adhered to its determination to deny the request. Insofar as he contends that defense counsel was ineffective in failing to seek the missing witness charge in a timely manner, we conclude that defendant "failed to establish the absence of a legitimate explanation for defense counsel's failure to do so" (People v Myers [appeal No. 1], 87 AD3d 826, 828 [4th Dept 2011], lv denied 17 NY3d 954 [2011]).
We reject defendant's contention in his main brief that a timely request for the charge would have been successful. One of the two witnesses regarding whom defendant sought the missing witness charge was a codefendant, charged as defendant's accomplice, who pleaded guilty before defendant's trial. We have stated that a defendant is not entitled to a missing witness charge based on the People's failure to call his accomplice as a witness because an accomplice's testimony would have been "presumptively suspect . . . or subject to impeachment detrimental to the People's case" (People v Parton, 26 AD3d 868, 869 [4th Dept 2006], lv denied 7 NY3d 760 [2006] [internal quotation marks omitted]; see People v Burton, 126 AD3d 1324, 1326 [4th Dept 2015], lv denied 25 NY3d 1199 [2015]), and we conclude that such is the case here as well. With respect to the other witness, defendant testified that the witness did not overhear the conversation that was at the heart of his request for a missing witness charge, and it is well settled that a "request for a missing witness charge is properly denied where, as here, the party requesting the charge does not establish that the witness could have been expected to testify concerning a material issue" (People v Williams, 13 AD3d 1173, 1174 [4th Dept 2004], lv denied 4 NY3d 892 [2005], reconsideration denied 5 NY3d 796 [2005]; see People v Williams, 163 AD3d 1422, 1423 [4th Dept 2018]). With respect to the remainder of the events for which that potential witness was allegedly present, we conclude, based on the evidence in the record, that [*2]his testimony would have been " trivial or cumulative' " (People v Smith, — NY3d &mdash, 2019 NY Slip Op 04447, *3 [2019]), and thus denial of defendant's request would have been proper. Therefore, with respect to both witnesses, " [d]efense counsel's failure to [timely] request a missing witness charge did not constitute ineffective assistance of counsel [inasmuch as t]here was no indication that the witness[es] would have provided noncumulative testimony favorable to the People' " (People v Gonzales, 145 AD3d 1432, 1433 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]). We further conclude that, "even if counsel erred [in submitting his request too late,] this mistake was not so egregious and prejudicial as to constitute one of the rare cases where a single error results in ineffectiveness" (People v McCauley, 162 AD3d 1307, 1310 [3d Dept 2018], lv denied 32 NY3d 939 [2018] [internal quotation marks omitted]; see generally People v Henry, 95 NY2d 563, 565-566 [2000]; People v Hobot, 84 NY2d 1021, 1022 [1995]).
In his pro se supplemental brief, defendant contends that the evidence is legally insufficient to support the conviction on the criminal possession of a weapon in the second degree counts because the People failed to establish that he acted with the requisite mental culpability for accomplice liability. Defendant failed to preserve that contention inasmuch as his motion for a trial order of dismissal was not " specifically directed' " at the issue raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]; see People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017]). In any event, defendant's contention lacks merit (see People v Zuhlke, 67 AD3d 1341, 1341 [4th Dept 2009], lv denied 14 NY3d 774 [2010]).
Defendant further contends in his main brief that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant presented his contention that the prosecution's witnesses were not credible to the jury, which rejected that argument, and it is well settled that "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (id.). Contrary to defendant's contention, "even if a witness has an unsavory and criminal background, and testifie[s] pursuant to a cooperation agreement,' such facts merely raise credibility issues for the jury to resolve" (People v Barnes, 158 AD3d 1072, 1072 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]; see People v Golson, 93 AD3d 1218, 1219 [4th Dept 2012], lv denied 19 NY3d 864 [2012]; see also People v Moore [appeal No. 2], 78 AD3d 1658, 1659-1660 [4th Dept 2010]), and here we perceive no basis on which to reject the jury's credibility determinations.
Contrary to defendant's further contention in his main brief, the sentence is not unduly harsh or severe.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court