■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. DELLAROCCO, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered July 18, 1979, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. The indictment charged defendant with knowingly possessing a 1978 Cadillac automobile on April 21, 1978, which vehicle defendant knew or should have known had been stolen. At trial, defendant testified that he was invited by an unknown black male to purchase the vehicle for the reduced price of $8,000 because the vendor needed some ready cash, the tender having been made at Monticello Raceway in Monticello, New York. Since a certificate of title exhibited by the vendor matched the identification number on the car, defendant asked the prospective seller to follow him to Binghamton where the sale would be consummated. On the following day, after defendant allegedly determined that he had insufficient funds to buy the vehicle, he arranged for the sale of the Cadillac to a local priest. Shortly after the sale, on May 13, 1978, the car was impounded as a stolen vehicle. The People's case relied principally upon proof of other unrelated crimes to show a composite plan or scheme whereby late model Cadillac automobiles were stolen, their vehicle identification numbers altered and reregistered with counterfeit North Carolina titles, routed upstate to the Binghamton area and sold by friends or associates of defendant to innocent purchasers. Pursuant to this theory, testimony of 13 witnesses was elicited bearing upon three separate car thefts. While each illicit transaction began with a theft of a Cadillac vehicle which was reregistered with a counterfeit North Carolina title and sold in Broome County, there was no direct evidence that defendant was a participant in any plan or scheme involving these unrelated crimes. In fact, the People's pivotal witness, Sheldon Stern, testified that while he witnessed and signed as a Commissioner of Deeds each of the forged certificates of title, such acts were at the request of a person other than defendant. It has long been the settled law of New York that evidence of prior, uncharged crimes may not be admitted as part of the People's case if its only purpose is to establish the criminal character or propensities of the accused (*People v Fiore,* 34 NY2d 81, 84). An exception to this general rule exists in those instances where the People, as part of their direct case, produce evidence of a substantial nexus between the crime on trial and the one sought to be introduced, so that it can be said that some connection between the

crimes existed in the mind of the actor, uniting them for the accomplishment of a common purpose (*People v Molineux,* 168 NY 264, 305-306). Here, despite the strong similarities among the Cadillac thefts relating to time, place and circumstance, there was no proof that the common plan or scheme, if one existed, included defendant (see, e.g., *People v Duffy,* 212 NY 57, 67-68). Next, the trial court erred in submitting the issue of whether any such plan existed to the jury as a question of fact. Evidence of unrelated crimes is so prejudicial that the trial court is obligated to determine their admissibility as a matter of law, and cannot leave such a critical issue with the jury (*People v Molineux, supra,* p 306). Having concluded that reversible error was committed requiring a new trial, we do not pass on other issues raised by defendant. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Main, Casey and Mikoll, JJ., concur.