■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. WESTON, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered June 26, 1980, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree. In the early spring of 1978, a number of late model Cadillac automobiles were stolen in the vicinity of Brooklyn and within a very brief span of time were offered for sale in the area in and around Binghamton, New York. One of these vehicles owned by one Wilson came into the possession of defendant, the owner of Endicott Auto Sales. Sometime after he sold the vehicle he was indicted and later was convicted of criminal possession of stolen property in the first degree and was sentenced to a term of imprisonment with a maximum of not more than five years. From that judgment and sentence the defendant now appeals contending that the court erred in permitting into evidence proof concerning thefts of other stolen vehicles allegedly committed by persons other than defendant, that absent this evidence there is insufficient evidence, as a matter of law, to sustain the conviction, that the unavailability of a full record requires reversal, that the court's response to a jury question was erroneous and constituted reversible error, and that the sentence imposed was unduly harsh and excessive. With reference to defendant's first contention, we point out that this precise issue concerning another of these stolen Cadillacs and involving much of the identical testimony, was recently before this court in *People v Dellarocco* (86 AD2d 720). Therein this court determined that the trial court improperly admitted testimony concerning the extraneous crimes and that despite the strong similarities among the Cadillac thefts relating to time, place, and circumstance, there was no proof that the common plan or scheme, if one existed, included that defendant. The court went on to hold that the trial court erred in submitting the issue of whether any such plan existed to the jury as a question of fact, for the reason that evidence of unrelated crimes is so prejudicial that the trial court is obligated to determine their admissibility as a matter of law and cannot leave such a critical issue to the jury (see *People v Molineux,* 168 NY 264, 306). At bar, there is even less evidence of a "common plan or scheme" and for the same reasons set forth in *People v Dellarocco* (*supra*) the judgment of conviction must be reversed. Secondly, defendant urges that in the event that we conclude, as we have, that the testimony regarding the uncharged crimes, without establishing a common plan or scheme, should not have been admitted, the indictment should be dismissed for the reason that without the tainted evidence there is insufficient evidence, as a matter of law, to support a conviction. We first note that by challenging the sufficiency of the evidence presented in the court of original jurisdiction defendant has adequately preserved a question of law amenable to our review (*People v Cona,* 49 NY2d 26, 33). We note, too, that inasmuch as the issue presented concerns the sufficiency of circumstantial evidence, the facts must be viewed in the light most favorable to the prosecution (*People v Castillo,* 47 NY2d 270, 277; *People v Benzinger,* 36 NY2d 29, 32; see *People v Borrero,* 26 NY2d 430, 434-435; *People v Cleague,* 22 NY2d 363, 366). However, at the same time, we must apply the rule repeatedly reiterated by the Court of Appeals "(a) that the hypothesis of guilt should 'flow naturally from the facts proved, and be consistent with them all' [and] (b) the facts proved must all be consistent with guilt and inconsistent with innocence and exclude 'to a moral certainty' every hypothesis but guilt [citations omitted]" (*People v Wachowicz,* 22 NY2d 369, 372). In sum, "it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts" (*People v Wachowicz, supra,* p 372). Perusing the record, absent the forbidden testimony, and with

the afore-mentioned principles in clear focus, we are disinclined to take the further step urged by defendant and hold that there was insufficient legally acceptable proof in the record to establish defendant's guilt. Initially, we note that a jury is entitled to draw an inference of guilt from falsely explained or unexplained recent and exclusive possession of the fruits of a crime (*People v Colon,* 28 NY2d 1, 12, cert den 402 US 905). Here, the stolen Wilson vehicle was in defendant's hands within but a few hours after its theft from a parking lot some 200 miles away, having, according to defendant, been brought to him by a total stranger, a young man who obviously and according to the registration was not the owner. Nonetheless, in spite of harboring severe doubts as to the car's title, defendant, after ascertaining what the stranger was asking for the car, agreed to take the vehicle and attempt to sell it. Defendant then called an acquaintance, one Harrington, and asked him to take the car to Syracuse to be sold at auction. According to Harrington's testimony, defendant advised that the car could be sold for a substantial profit which they would share equally. He further testified that defendant stated they would split whatever amount they received in excess of $6,000. This figure was $1,000 below the low wholesale price of the Wilson car which was described as being in "like new" condition. Harrington agreed and took the car to the auction where it was impounded because of aroused suspicions as to its ownership. It was shortly thereafter released when its registration number, appearing on the dashboard of the car, failed to appear on the State Police computer stolen car list. When the car was released, defendant paid the stranger for it, and promptly sold the car to an area dealer from whom it was later seized at auction and confirmed to be a stolen vehicle. In our view, upon evidence such as this, it could reasonably be inferred that defendant knew that the vehicle was stolen. That the computer check failed to establish that the vehicle was stolen is not a fact inconsistent with guilt for the close proximity of the time of the theft and the time of the computer check was such as to permit an inference that the stolen vehicle registration number had not been programmed. Moreover, defendant, experienced and knowledgeable in the selling of cars, knew that such a check was inconclusive. We conclude that the untainted evidence is sufficient to permit a trier of the facts to draw a number of inferences which have sufficient probability to support an ultimate conclusion of defendant's guilt beyond a reasonable doubt. In view of these conclusions, we need not reach the remaining issues raised. Judgment reversed, on the law, and a new trial ordered. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.