■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND R. SWANCHAK, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered August 18, 1982, upon a verdict convicting defendant of the crimes of burglary in the third degree and grand larceny in the third degree. Defendant was charged in an indictment with the crimes of burglary in the third degree and grand larceny in the third degree based upon his alleged theft of drugs from the Condo Pharmacy on October 15, 1981. Following a jury trial, he was found guilty as charged and this appeal ensued. Initially, defendant contends that there was insufficient corroborative evidence to support the conviction. At the trial, Earl Dresser, who was held to be an accomplice as a matter of law by the trial court, testified that defendant had come to him on October 14, 1981 and told him that he was going to commit a burglary; that defendant asked him if he would purchase any drugs acquired as a result of the crime; that on the next morning defendant sold certain drugs to Dresser; and that defendant told Dresser that the drugs had come from the Condo Pharmacy. It is defendant's contention that Dresser's testimony was not sufficiently corroborated as required by CPL 60.22. A nonaccomplice, however, testified that he was in Dresser's apartment on the morning of October 15, 1981 and witnessed defendant selling drugs to Dresser. The nonaccomplice also testified that Dresser stated in defendant's presence that the drugs came

from the Condo Pharmacy and that the break-in occurred there. Evidence corroborating accomplice testimony is sufficient if it tends to connect the defendant to the crime so as to reasonably satisfy the jury that the accomplice is telling the truth (*People v Glasper,* 52 NY2d 970). "Matters in themselves of seeming indifference or light trifles of the time and place of persons meeting may so harmonize with the accomplice's narrative as to have a tendency to furnish the necessary connection between defendant and the crime" (*People v Dixon,* 231 NY 111, 116-117). In our view, the corroborative evidence was sufficient and the judgment may not be disturbed on this ground (see *People v Cunningham,* 48 NY2d 938). Defendant also argues that he was denied the effective assistance of counsel. From our review of the record and considering the evidence, the law and the circumstances of the case in totality, we are of the opinion that defendant's attorney provided meaningful representation and, therefore, the constitutional requirement of effective assistance of counsel has been met (*People v Baldi,* 54 NY2d 137, 147). Accordingly, the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.