■ The People of the State of New York, Respondent, v Richard C. Barnes, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered December 29, 1981, upon a verdict convicting defendant of the crimes of robbery in the first degree and grand

larceny in the second degree. On April 29, 1981, defendant and Wayne Alderman were each indicted for first degree robbery, second degree robbery (two counts), second degree assault and second degree grand larceny. These charges emanated from the forcible entry into an apartment in the City of Troy where the 69-year-old woman occupant was beaten and valuables were taken. In addition, a Mercedes-Benz auto was taken from the garage. Defendant and his accomplice were apprehended shortly thereafter while allegedly trying to sell the automobile. The police found all of the property taken from the apartment in the automobile. Following a plea bargain in which a seemingly light sentence was given, the accomplice testified against defendant, who was convicted after trial. On this appeal, defendant first contends there was insufficient corroboration of the accomplice codefendant's testimony. We disagree. Corroborative evidence need not actually prove that defendant committed the crime (*People v Dixon,* 231 NY 111, 116; *People v Swanchak,* 95 AD2d 957), but, rather, is sufficient if such evidence tends to connect defendant to the crime so as to convince the jury that the testimony of the accomplice is truthful (*People v Glasper,* 52 NY2d 970, 971; *People v Berger,* 52 NY2d 214, 219). We find that defendant's possession of and attempt to sell the fruits of the crime, together with the victim's identification and the presence of blood on his clothing, taken together, constituted sufficient corroboration to satisfy the jury that the accomplice was telling the truth (see *People v Donovan,* 59 NY2d 834, 836). Although each of these matters standing alone could have neutral explanations, together they so harmonize with the accomplice's testimony as to have a tendency to furnish the necessary connection between defendant and the crimes (see *People v Dory,* 59 NY2d 121, 128-129). Nor are we persuaded by defendant's argument that the evidence was insufficient to support the jury verdict. Possession of, and attempt to sell, the stolen goods is circumstantial evidence that defendant was the thief who engaged in the robbery (*People v Baskerville,* 60 NY2d 374; *People v Moro,* 23 NY2d 496, 501; *People v Weston,* 92 AD2d 945, 946; 1 Mottla, New York Evidence: Proof of Cases [2d ed], § 835 [1983 supp], p 283). Further, the description of the knife used by defendant as presented by the victim's testimony enabled the jury to determine it to have been a deadly weapon within the meaning of subdivision 2 of section 160.15 of the Penal Law (see *People v Thomas,* 40 AD2d 913, 914). Finally, defendant's threefold argument that the sentence was harsh and excessive is not persuasive. First, his failure to have objected to, or controverted the use of, his prior felony conviction for driving while intoxicated as a predicate felony, or request a hearing thereon, was a waiver of his right to challenge that conviction and its validity (CPL 400.21, subds 3, 7, par [b]; see *People v Hodge,* 52 AD2d 673). While this court is not precluded from determining whether the conviction was a predicate felony (*People v Cappucci,* 94 AD2d 746; *People v Lovett,* 92 AD2d 472), we hold that felonies under the Vehicle and Traffic Law are included within the definition of a predicate felony in section 70.06 (subd 1, par [b]) of the Penal Law. Nor do we agree that the consecutive sentences were violative of subdivision 2 of section 70.25 of the Penal Law, which prohibits consecutive sentences that arise from a single, inseparable act. Here, the theft of the automobile from the garage occurred after the robbery in the apartment had been completed and, therefore, each act was separate and distinct for which consecutive sentences were permissible. Finally, the sentence was not unduly harsh and excessive simply because the accomplice who violated the same laws received a lesser sentence (see *People v Portanova,* 56 AD2d 265, 276-277). Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.