■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY MILLER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Kuffner, J.), rendered June 1, 1983, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence adduced at trial indicates that on August 11, 1982, the apartment of a resident of the East Flatbush neighborhood of Brooklyn was burglarized between 7:05 A.M. and 7:30 A.M. Defendant was apprehended at 7:50 A.M. within the vicinity of the burglary after trying to flee from the police. At the time of his arrest defendant was in possession of jewelry later identified by the victim as belonging to her. One of the arresting officers testified that at the time of defendant's arrest he had claimed that the jewelry belonged to his girlfriend. However, defendant subsequently testified at trial that he had purchased the jewelry from an unknown man who coincidentally happened to be a light-skinned black male like himself and happened to be dressed in clothing similar to his.

Defendant contends that the evidence was insufficient to establish beyond a reasonable doubt that he knew the jewelry had been stolen. We disagree.

It is well established that an inference of guilt may be drawn from the recent and exclusive possession of the fruits of a crime (People v Reisman, 29 NY2d 278, cert denied 405 US

1041; *Knickerbocker v People,* 43 NY 177). Moreover, the "unexplained or falsely explained possession of recently stolen property is sufficient to establish a prima facie case and to enable a jury to find guilt beyond a reasonable doubt" *(People v Baskerville,* 60 NY2d 374, 382). The rule may be employed to establish guilty knowledge as an element of criminal possession *(People v Reisman, supra,* at p 285). Thus if the jury found defendant's explanation of his possession of the jewelry to be untrue, such a finding would be sufficient to establish defendant's guilt beyond a reasonable doubt. "Credibility is a matter reserved exclusively for the jury * * * and we are traditionally resistant to second-guessing its determination on this issue" *(People v Di Girolamo,* 108 AD2d 755). In view of the jury verdict we must view the evidence in the light most favorable to the People *(see, People v Smith,* 55 NY2d 945, 947). There was ample support in the record to support the jury's conclusion that defendant's guilt was proven beyond a reasonable doubt.

Defendant also contends that the Trial Judge erred when, in summarizing his charge on criminal possession of stolen property in the second degree, he failed to make it clear that defendant could only be found guilty if he knew the jewelry had been stolen. However, when viewed in the context of the entire charge, we find that the jury could not have been misled on this element of the crime *(see, Cupp v Naughten,* 414 US 141, 146-147; *People v Webb,* 97 AD2d 779). O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.