■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. DELLAROCCO, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered January 7, 1983, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.

On May 8, 1978, State Police found a stolen Cadillac automobile in the possession of one Donald Slimbaugh. Slimbaugh told police he had purchased it from defendant on April 21, 1978 for $8,000. Defendant was indicted and charged with criminal possession of stolen property in the first degree and criminal possession of a stolen vehicle. Defendant was tried and found guilty of first degree criminal possession of stolen property in July of 1979. On appeal, this court reversed and ordered a new trial on the ground that the trial court had improperly admitted evidence of unrelated, uncharged crimes (86 AD2d 720). Defendant was retried and again found guilty of first degree criminal possession of stolen property. This appeal by defendant ensued.

Defendant's initial contention is that the trial court allowed a prosecution witness to testify regarding uncharged crimes in violation of this court's decision on the first appeal. At the first trial, evidence was admitted concerning 13 unrelated incidents of stolen Cadillacs being sold in Broome County. This court held that such evidence was improperly admitted, not because a common scheme or plan could not be estab-

lished, but because there was no evidence to connect defendant to the crimes (86 AD2d 720, 721, *supra).* At the second trial, a prosecution witness testified that in late May or early June 1978, defendant proposed to her a scheme whereby she would be given a Cadillac, after which it would be stolen and she and defendant would divide the insurance proceeds. Defendant also told the witness that he knew people who could professionally alter vehicle identification numbers. While evidence of uncharged crimes is not admissible if its only purpose is to show the criminal character or propensities of the accused *(People v Fiore,* 34 NY2d 81, 84), it is admissible to establish a material aspect of the People's case. Here, the People had to establish, as an element of the crime charged, that defendant knew the automobile was stolen. The statements made to the witness are clearly relevant to this issue.

We also reject defendant's contention that the trial court improperly restricted the cross-examination of a prosecution witness. While a witness may be impeached by questions related to misconduct, there must be a good-faith basis in fact for the inquiry *(People v De Pasquale,* 54 NY2d 693, 695). Here, defense counsel simply asserted that he had information from unspecified sources that the witness had been involved with drugs. The trial court properly found that this did not constitute a good-faith basis in fact.

Finally, we turn aside defendant's arguments regarding the jury charge. Since there were no material deviations in the testimony of the People's witnesses, a general credibility instruction rather than a special charge on prior inconsistent statements was sufficient. Regarding defendant's challenges to the charge on the rebuttable presumption that a person who knowingly possesses stolen goods is presumed to possess them with intent to benefit himself or a third person other than the owner and the charge on knowledge as an element of the crime, defendant failed to preserve these challenges by excepting to the charge on these grounds (CPL 470.05 [2]). Further, we find no significant error in the charge which would move us to reverse as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Levine and Harvey, JJ., concur.