■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY LANDFAIR, Appellant. [594 NYS2d 893] —Harvey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 25, 1991, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree.

In February 1991, defendant was indicted and charged with criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree. These charges stemmed from defendant's possession of six horses that were stolen from three different farms in Washington County on the evening of December 25, 1990. After

gaining possession of the horses that same night, defendant immediately transported them to his brother's farm in Ohio. Defendant was arrested a few days later after his brother attempted to sell the horses at an Ohio auction. After trial, defendant was convicted of both counts in the indictment and sentenced to concurrent prison terms of 2⅓ to 7 years on the criminal possession of stolen property in the third degree count and 1⅓ to 4 years on the criminal possession of stolen property in the fourth degree count. Defendant now appeals.

Defendant concedes that he was in possession of the stolen horses but argues that the evidence to support the conviction was legally insufficient. Specifically, defendant argues that the evidence failed to prove that he knew the horses were stolen (see, Penal Law §§ 165.45, 165.50) and failed to prove that the horses' value exceeded $3,000 at the time they came into defendant's possession (see, Penal Law § 165.50). Defendant also contends that the verdict was against the weight of the evidence.

We disagree with defendant's assertions. Viewing the evidence, as we must, in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find the proof sufficient to support the convictions. Significantly, defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a jury to draw a permissible inference that defendant knew the property was stolen (see, e.g., People v Johnson, 65 NY2d 556, 562; People v Miller, 114 AD2d 863, lv denied 67 NY2d 763; People v Weston, 92 AD2d 945, 946).* Moreover, a person who deals in property and possesses stolen property is presumed to know that such property was stolen if it was obtained without making a reasonable inquiry that the person from whom the property was obtained had a legal right to possess it (see, Penal Law § 165.55 [2]).

Here, there was sufficient evidence to justify the jury's conclusion that defendant knew the horses were stolen. The People's proof revealed that defendant was a licensed buyer and seller of horses and that he purchased the stolen horses from two unidentified men from Vermont on the night of

---

* We note that although defendant invokes the "moral certainty" evidentiary standard generally applicable in circumstantial evidence cases, this standard does not apply when the circumstantial evidence relates only to the element of defendant's knowledge of the stolen nature of the property (see, People v Johnson, supra, at 561).

December 25, 1990 for $2,000 in cash. Although two of the horses were marked with tattoos of identifying numbers and one of the horse's lips appeared to have been scraped in an attempt to alter the tattoo, defendant did not check the horses for identifying tattoos or ask for registration papers. The record reveals that not only did defendant fail to take these precautions, he also did not obtain a receipt for the purchase nor did he record the names of the alleged sellers. Given all these circumstances, we have little difficulty in concluding that the jury's decision as to defendant's knowledge that the horses were stolen was fully supported by the weight of the evidence.

As for the evidence pertaining to the horses' value, we also find that it was sufficient. While it is true that there were several different valuations of the horses offered at trial, it is significant that the People presented two experts, one who testified that the total value of the six horses was $3,750 and another who testified that they were worth $5,575. Although there was also conflicting evidence, including that from defendant's own expert who stated that the horses were worth between $2,375 and $2,775, the jury was free to accept the People's expert valuations over that of defendant's expert (see, People v Duffy, 185 AD2d 528, lv denied 80 NY2d 903). Moreover, the jury's verdict was not against the weight of the evidence given the qualifications of the People's experts and the fact that even defendant's expert placed a value on the horses in the general area of $3,000.

We have examined defendant's remaining arguments, including defendant's challenge to the Grand Jury proceedings, County Court's various evidentiary rulings and jury charge, and find them either meritless or unpreserved for appellate review. Defendant's contention that he was deprived of a fair trial due to alleged misconduct by County Court and the prosecutor is rejected. Defendant's contention that the People failed to satisfy their burden of controverting the allegations in defendant's suppression motion (see, People v Weaver, 49 NY2d 1012, 1013; People v Brownridge, 120 Misc 2d 1028, 1032) is belied by an examination of the People's opposing papers. Finally, we conclude that defendant's contention that his sentence was constitutionally infirm is meritless and defendant has presented no circumstances sufficiently compelling for us to conclude that a reduction of his sentence in the interest of justice is warranted.

Yesawich Jr., J. P., Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed.