■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SAPINSKI, Appellant. [653 NYS2d 708] —Mikoll, J. P. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered January 12, 1996, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

Defendant was arrested on November 16, 1994 and charged with criminal possession of stolen property, a 1992 Polaris ATV250 Trailboss (hereinafter the ATV), belonging to Charles Kish. It was found missing on January 8, 1994 from a barn located on Columbus Hill Road in the Town of Berlin, Chenango County. State Trooper Paul Novobilski, based on leads provided

by police investigation, went to the area of defendant's property to investigate and to gather information for the issuance of a search warrant. Defendant's son was considered a possible suspect in the matter as well as in several other thefts.

Novobilski, in an unmarked car and in civilian dress, encountered defendant walking down the road near his property. Under the ruse of investigating a complaint of menacing made by defendant and his son, an unrelated matter, he was permitted by defendant to search his property. There the officer saw a Polaris ATV which turned out to be the stolen vehicle belonging to Kish. Defendant told the officer that he owned it and had purchased it in New Jersey a year before and had papers for it and for another vehicle located on the compound. The officer then told defendant that he thought the vehicle was stolen and, upon checking the vehicle identification number with his records, he announced to defendant that this was indeed the missing Kish vehicle. Defendant was nonplussed and asked the officer to help him push the ATV off the property because he did not want stolen items to be on it. The vehicle's ignition switch was missing and defendant proceeded to jump-start the motor. Novobilski, at this point, told defendant to leave the vehicle there and gave defendant his *Miranda* rights. Defendant was allowed to call his attorney. When he returned, defendant told the officer that his attorney told him not to converse with the officer. Nonetheless defendant continued to speak to Novobilski and told him that he had in fact found the ATV that morning on the road and towed it to his farm.

Defendant was subsequently indicted on one count of criminal possession of stolen property in the fourth degree and one count of criminal possession of stolen property in the fifth degree. Defendant's motion to suppress evidence discovered during the search of his property and his oral statements was denied. County Court found that defendant consented to the search of his property and freely made statements to the Trooper. Defendant was convicted of possession of stolen property in the fourth degree, sentenced to 1 to 3 years in prison and ordered to pay restitution of $377.26 for damage done to the ATV.

Defendant urges that County Court erred in failing to suppress the items seized as a result of the search of his property and, also, the statements he made to the officer. Defendant bears the burden of proving that he was represented by counsel at the time of his interrogation and that Novobilski violated his right to advice of counsel (*see, People v Brown*, 216 AD2d

670, *lv denied* 86 NY2d 791). The record is barren of evidence to support defendant's argument that he was represented by counsel as to the stolen ATV. Defendant had apparently been questioned as to an unrelated theft and had an attorney in that matter.

At the time Novobilski and defendant conversed, defendant was not even a suspect as to the missing ATV. County Court was correct in holding that defendant's right to counsel had not yet attached in that no formal proceeding had been initiated against him (*see, People v West*, 81 NY2d 370, 373-374) and that the search of the property was the result of defendant's freely given consent.

As to statements made by defendant after *Miranda* warnings were given to him, defendant urges that these were illegally elicited from him. We reject his contention. Defendant continued to volunteer information to the officer without any further questioning on Novobilski's part. Defendant failed to assert his right to remain silent but rather freely waived such right (*see, People v Morton*, 231 AD2d 927, 928). We affirm the court's denial of suppression as to defendant's statements.

Defendant next urges that the People failed to prove that defendant knew that the ATV was stolen. The evidence on this question, it is urged, was all circumstantial and, defendant argues, County Court was required to instruct the jury on the inference of knowledge which may be drawn from recent and exclusive possession of stolen property and that, without such instruction, there was no basis on which defendant could be held guilty for possession of stolen property. It is argued that defendant's inconsistent statements as to how he acquired possession of the ATV were insufficient, standing alone, to establish guilty knowledge.

We disagree. The record contained sufficient evidence, other than what might have been inferred from recent exclusive possession of the stolen ATV which was sufficient to prove defendant's guilt beyond a reasonable doubt. Defendant's contradictory and false explanation of how he acquired possession of the property established a prima facie case (*see, People v Miller*, 114 AD2d 863, 864, *lv denied* 67 NY2d 763). The record also disclosed that the vehicle had a missing ignition switch. The fact that the vehicle had to be started by "hot-wiring" it in order to move it provided additional evidence of illegal possession. County Court did not err by not charging the jury on circumstantial evidence.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to

the County Court of Chenango County for further proceedings pursuant to CPL 460.50 (5).