■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MEADOR, Appellant. [718 NYS2d 351] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered July 9, 1998, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The circumstantial evidence warranted the conclusion that the credit card constituted stolen property in that it had been stolen either by common-law trespassory taking or by acquiring lost property, as defined in Penal Law § 155.05 (2) (b) (see, People v Colon, 28 NY2d 1, 11, cert denied 402 US 905). Moreover, the evidence excluded any reasonable possibility that the credit card did not constitute stolen property under one or the other of those definitions. The evidence also permitted the jury to reasonably infer, through the use of common sense, that defendant knew the credit card was stolen and intended to benefit himself or to impede the owner's recovery of the credit card (see, People v Cintron, 95 NY2d 329).

The court's instruction to the jury that stolen property could include property stolen by acquisition of lost property as defined by law did not constructively amend the indictment. The instruction was consistent with the indictment, which did not specify the manner in which the credit card was stolen (see, People v Rivera, 84 NY2d 766; People v Ransdell, 254 AD2d 63, lv denied 92 NY2d 1037; People v Roberts, 204 AD2d 974, lv denied 84 NY2d 871).

We have considered defendant's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Andrias, Rubin and Saxe, JJ.