■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO STARKS, Appellant. [896 NYS2d 319]—

Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression motion; Eduardo Padro, J., at nonjury trial and sentence), rendered September 18, 2006, convicting defendant of two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. "The circumstantial evidence warranted the conclusion that the [electronic transfer cards] constituted stolen property in that [they] had been stolen either by common-law trespassory taking or by acquiring lost property, as defined in Penal Law § 155.05 (2) (b)" (*People v Meador*, 279 AD2d 327, 328 [2001], *lv denied* 96 NY2d 865 [2001]), and that defendant knew they were stolen and intended to benefit himself or impede the owners' recovery (*see id.*). A "defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [trier of fact] to draw a permissible inference that defendant knew the property was stolen" (*People v Landfair*, 191 AD2d 825, 826 [1993], *lv denied* 81 NY2d 1015 [1993]). Contrary to defendant's argument on appeal, the explanation for his possession of the cards contained in his statement to the police was far from innocent. In particular, it was highly unlikely that defendant "found" the two cards at different times and places. Furthermore, even if defendant found the cards, the evidence compels the conclusion that he did not take, and had no intention of taking, any measures, reasonable or otherwise, to return either card to its owner (*see* Penal Law § 155.05 [2] [b]). We have considered and rejected defendant's remaining arguments concerning the sufficiency and weight of the evidence.

Defendant's suppression claims, including those asserting failures of proof at the hearing, are unpreserved (*see e.g. People v Shomo*, 265 AD2d 184 [1999], *lv denied* 94 NY2d 907 [2000], *cert denied* 530 US 1280 [2000]), and we decline to review them in the interest of justice. The suppression court did not "expressly decide[ ]" (CPL 470.05 [2]) the particular issues raised on appeal (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). Moreover, the rulings the court made were not made in response to a protest by a party (*see People v Colon*, 46 AD3d 260, 263 [2007]). As an alternative holding, we also reject defendant's claims on the merits. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.