The People of the State of New York, Respondent, v Richard Porter, Appellant. [989 NYS2d 480]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at motion for reassignment of counsel; Edward J. McLaughlin, J., at jury trial and sentencing), rendered July 6, 2011, convicting defendant of grand larceny in the fourth degree (seven counts), criminal possession of stolen property in the fourth degree (six counts), criminal possession of stolen property in the fifth degree (two counts) and jostling, and sentencing him, as a persistent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

Defendant's claim that the court failed to deliver suitable accompanying instructions when it gave the jury a verdict sheet containing annotations that distinguished among various counts is a claim requiring preservation (*see People v Collins*, 99 NY2d 14 [2002]), and we decline to review it in the interest of justice. As an alternate holding, we find no basis for reversal. The annotated verdict sheet complied with CPL 310.20 (2), and defendant was not prejudiced by any deficiency in the court's oral instructions in this regard.

Defendant also failed to preserve his argument that the court was required to instruct the jury not to commingle the evidence relating to separate thefts, and we likewise decline to review it in the interest of justice. As an alternate holding, we find it to be without merit. The court gave an appropriate instruction that the jury was to reach a separate determination as to each count. An instruction against commingling of evidence would have been incorrect because the evidence of the separate larcenies overlapped, and the evidence of each larceny tended to prove the other (*see People v Hyatt*, 38 AD3d 233 [1st Dept 2007], *lv denied* 9 NY3d 845 [2007]).

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that his attorney's lack of objection concerning the above-discussed issues was objectively unreasonable, or that it had any reasonable possibility of affecting the outcome or depriving defendant of a fair trial.

Neither defendant's standard form motion for reassignment of counsel, nor his negative comments about his relationship with his attorney (made in a different context from a request for new counsel), contained the specific factual allegations necessary to trigger the court's obligation to make a "minimal inquiry" into the need for new counsel (*see People v Porto*, 16 NY3d 93, 100 [2010]).

We have considered and rejected defendant's challenges to the sufficiency of the evidence supporting those convictions that involved a nontestifying victim. The totality of circumstances warranted the inference that the property at issue was "stolen either by common-law trespassory taking or by acquiring lost property, as defined in Penal Law § 155.05 (2) (b)" (*People v Meador*, 279 AD2d 327, 328 [2001], *lv denied* 96 NY2d 865 [2001]).

The court properly exercised its discretion when it adjudicated defendant a persistent felony offender, based on his very extensive criminal record. Defendant has repeatedly been

convicted of larceny-related crimes at the class E felony level, and he has demonstrated that the sentences available for such felonies are inadequate to deter him from criminal activity. Defendant's challenge to the constitutionality of the adjudication is unavailing (*see People v Battles*, 16 NY3d 54 [2010]; *People v Quinones*, 12 NY3d 116 [2009]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.