The People of the State of New York, Respondent, 
against
Juan Quinones, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered February 10, 2015, convicting him, upon his plea of guilty, of criminal possession of stolen property in the fifth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered February 10, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective, since it provided reasonable cause to believe that defendant committed the offense of criminal possession of stolen property in the fifth degree (see Penal Law § 165.40), the crime to which he pleaded guilty. The accusatory instrument recited that police recovered a "New York State benefits card" from defendant; the card "was not in defendant's name" and "did not contain a photo of defendant"; defendant "could not give the name that was listed on the card"; and although defendant informed the officer "that the card belonged to his girlfriend, ... the name on the card did not match the name that defendant stated was his girlfriend's name." These allegations were sufficient for pleading purposes to establish the elements of the offense, including that defendant possessed stolen property consisting of a public benefit card in the name of another (see People v Starks, 70 AD3d 585 [2010], lv denied 15 NY3d 757 [2010]; People v Garcia, 290 AD2d 299 [2002], lv denied 98 NY2d 730 [2002]) and that defendant knew the card was stolen (see People v Starks, 70 AD3d at 586 [unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a trier of fact to draw a permissible inference that defendant knew the property was stolen]; see also People v Charles, 196 AD2d 750 [1993], lv denied 82 NY2d 892 [1993]). 
No additional evidentiary detail was required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 24, 2017