People v Mason (2018 NY Slip Op 00064)





People v Mason


2018 NY Slip Op 00064


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Friedman, J.P., Renwick, Tom, Kahn, Kern, JJ.


5248 3232/14 2075/14 1301/14

[*1]The People of the State of New York, Respondent,
v
Johnny Mason, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at motions; Arlene D. Goldberg, J. at jury trial and sentencing), rendered December 21, 2015, as amended January 5, 2016, convicting defendant of 18 counts of criminal possession of stolen property in the fourth degree and 17 counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 16 to 32 years, unanimously affirmed.
The court providently exercised its discretion in denying defense counsel's midtrial request for a CPL article 730 competency examination (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 881 [1995]). The issue of competency arose for the first time in the midst of trial, when defense counsel relayed to the court his conversation with a friend of defendant who had expressed concerns about defendant's mental health and had recounted some bizarre statements defendant had allegedly made. However, defendant's understanding of the charges and ability to assist in his defense was evident throughout all pretrial and trial proceedings, as well for the remainder of the trial (see People v Russell, 74 NY2d 901 [1989]). Moreover, the timing of the phone call and the surrounding circumstances suggest that, despite his disclaimers, defendant arranged for the phone call and fabricated the delusions relayed by the caller, in an effort to disrupt the trial.
The motion court correctly denied, as untimely, defendant's motion to suppress, under Payton v New York (445 US 573 [1980]), the fruits of his allegedly unlawful warrantless arrest at the men's shelter where he had been residing. The 45-day period in which to make such a motion (CPL 255.20[1], 710.40[1]) had elapsed and successor defense counsel failed to demonstrate good cause for the delay. The original defense counsel had ample opportunity, and all the necessary information, to make a timely motion, and defendant's arguments to the contrary are unavailing. The fact that the motion court also opined that the motion lacked merit does not require us to reach the merits; the issue is timeliness of a motion rather than preservation of an issue, and thus the portion of CPL 470.05(2) referring to issues actually decided is inapplicable.
In any event, we conclude that the motion would have been unsuccessful, even if timely made. The record shows that employees of the shelter lawfully permitted the police to enter (see People v Nalbandian, 188 AD2d 328 [1st Dept 1992], lv denied 81 NY2d 890 [1993]). Furthermore, defendant's original counsel did not render ineffective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]) by failing to make a timely motion. Given the prevailing law, it was objectively reasonable for the original counsel to forgo this motion, and, as indicated, the motion would not have succeeded. Moreover, since the fruits of the alleged Payton violation were tangential to defendant's guilt, defendant has not demonstrated that even a successful suppression motion would have affected the outcome of the trial.
After the motion court dismissed a count of criminal possession of stolen property on the ground that legally insufficient evidence had been presented to the grand jury, it granted the People leave to re-present that count, and the People lawfully did so. The record fails to support defendant's assertion that the court actually authorized a re-presentation of a different charge.
We have considered and rejected defendant's arguments for dismissal of the counts relating to a nontestifying victim. In this case involving stolen credit and debit cards, one of the eight victims did not testify. As a result, there was no direct evidence of the circumstances under which her property was taken. However, upon our review of the extensive circumstantial evidence, we conclude that, as to each element of the charges at issue, the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Porter, 119 AD3d 438, 439 [1st Dept 2014], lv denied 24 NY3d 1046 [2014]; People v Meador, 279 AD2d 327 [1st Dept 2001], lv denied 96 NY2d 865 [2001]), and that the larceny charge satisfied the requirements of geographical jurisdiction as set forth in CPL 20.20 and 20.40.
We perceive no basis for reducing the sentence, which we note is deemed by operation of law to be a sentence of 10 to 20 years.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK