People v Gregory (2018 NY Slip Op 02646)





People v Gregory


2018 NY Slip Op 02646


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2014-10939
 (Ind. No. 8801/12)

[*1]The People of the State of New York, respondent,
v Paul Gregory, appellant.


Paul Skip Laisure, New York, NY (Steven R. Bernhard of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Avshalom Yotam of counsel; Aleena R. Peerzada on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered November 5, 2014, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court abdicated its judicial function by allowing prospective jurors who concluded that they could not be fair and impartial to opt out of serving on the jury without further inquiry is unpreserved for appellate review (see CPL 470.05[2]; People v King, 27 NY3d 147, 157; People v Santos, 150 AD3d 1270, 1271; People v Cunningham, 119 AD3d 601, 601; People v McGhee, 4 AD3d 485, 485) and, in any event, without merit.
The defendant's contention, raised in his pro se supplemental brief, that the photo array and lineup identification procedures were unduly suggestive is unpreserved for appellate review, since, at the Wade hearing (see United States v Wade, 388 US 218), he failed to raise the specific grounds upon which he now challenges the procedures (see CPL 470.05[2]; People v Martin, 116 AD3d 981, 982; People v Fields, 66 AD3d 799, 799). In any event, the People established in the first instance that the pretrial identification procedures were not improper, and the [*2]defendant failed to establish that they were unduly suggestive (see People v Chipp, 75 NY2d 327, 335-336; People v Martin, 116 AD3d at 982).
Additionally, contrary to the defendant's contention, raised in his pro se supplemental brief, the jury's verdict was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Further, the defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is without merit (see People v Porter, 119 AD3d 438, 439). The defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714; People v Leach, 137 AD3d 1300, 1302; see also Strickland v Washington, 466 US 668, 700). He failed to demonstrate that his attorney's decision not to present certain evidence or elicit testimony about the alleged shooter in an unrelated incident had any reasonable possibility of affecting the outcome or depriving him of a fair trial (see Strickland v Washington, 466 US at 691).
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court