The People of the State of New York, Respondent,
against
Abdul Sadiku, Appellant.




Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn E. Mullen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Stephanie L. Zaro, J.), rendered April 5, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the fifth degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant and a codefendant, in an information, with petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40), alleging that, in the early morning of August 31, 2015, postal inspectors had observed defendant and the codefendant approach a United States Postal Service mailbox located on Merrick Boulevard, and, while the codefendant "jostle[d] the opening" of the mailbox, defendant stood next to the codefendant holding a bag. When the inspectors approached them, they fled, and defendant abandoned the bag in the course of their flight. Examining the bag's contents, the inspectors discovered numerous pieces of mail that did not belong to either defendant or the codefendant. After a jury trial, defendant was convicted of criminal possession of stolen property in the fifth degree and acquitted of petit larceny. The codefendant was acquitted of both charges.
At the trial, the prosecutor, over objection, introduced a photograph of a device of a type employed by mail thieves to remove mail from mailboxes, which involves lowering a weighted bottle, to which a sticky substance has been applied, by a string through the mail deposit door and withdrawing mail that has adhered to it (see e.g. People v Deleon, 157 AD3d 649, 650 [2018], lv granted 31 NY3d 1116 [2018]). The device depicted in the photograph was later introduced at trial, over objection, as further demonstrative evidence. Contrary to defendant's contention, we find no error in the trial court's exercise of discretion to permit the proof (see People v Acevedo, 40 NY2d 701, 704 [1976]; People v Lippe, 145 AD3d 1035, 1037 [2016]; People v Dunaway, 134 AD3d 952, 953 [2015]; People v Mercereau, 84 AD3d 1270, 1270 [2011]), given the relative novelty of the offense known as mailbox fishing, and of the mechanism by which it is committed. Whatever risk of prejudice may have resulted was ameliorated by the court's curative instruction that no fishing device was recovered in this case and that the photograph and device were admitted as "demonstrative evidence" (see People v Barnes, 80 NY2d 867, 868 [1992]; People v Strife, 167 AD3d 1095, 1097 [2018]; People v Raucci, 109 AD3d 109, 123 [2013]). Defendant's counsel did not object to the sufficiency of that instruction, which the jury is presumed to have followed (see People v Berg, 59 NY2d 294, 299-300 [1983]; People v Lee, 151 AD3d 982, 983 [2017]), nor did counsel propose, at the conclusion of the evidence, any modified or additional language in support of his request, which was denied, for further instruction (see e.g. People v Grant, 152 AD3d 792, 793 [2017]).
Viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in their favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find, contrary to defendant's contention, that the evidence sufficed to establish that defendant had possessed stolen mail and that he had been aware that the mail he possessed had been stolen. " '[T]he unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [trier of fact] to draw a permissible inference that defendant knew the property was stolen' " (People v Starks, 70 AD3d 585, 586 [2010], quoting People v Landfair, 191 AD2d 825, 826 [1993]; see also People v Johnson, 65 NY2d 556, 562 [1985]; People v Miller, 114 AD2d 863, 864 [1985]). Here, the testimony of multiple observers established that defendant was present with another person, in the early morning hours, at a mailbox concerning which complaints of the theft of mail therefrom had been received. While the other person manipulated the deposit door of the mailbox, defendant held a small black bag which he continued to hold as he and the other person fled at the approach of postal inspectors. Although when defendant was arrested he no longer held the bag, the bag was recovered from the front lawn of a private home adjacent to the route by which he had fled and only 20-30 feet from the arrest scene. Multiple witnesses confirmed that the bag was the same bag that defendant had been seen holding at the mailbox. There is no dispute that the bag contained several pieces of mail that were mailed by persons who, only hours before, had placed that mail in the mailbox from which defendant had fled, and which were addressed to persons other than defendant. One of the letters bore a sticky substance to which adhered a piece of torn paper, matters consistent with mailbox fishing. From these circumstances, defendant's flight, and the abandonment of the bag and its incriminating contents (see e.g. People v Lendore, 36 AD3d 940, 940 [2007]; People v Shepherd, 176 AD2d 369, 370 [1991]), the jury could properly conclude that defendant was [*2]aware of the stolen nature of the mail he possessed. In any event, the proof that defendant possessed mail, intended for other persons and which had been deposited only hours before in a mailbox, sufficed to prove the offense without reference to the precise means by which it had been stolen.
In the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we find no basis to disturb the jury's credibility determinations (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), and conclude that the verdict was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
SIEGAL, J.P., PESCE and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 07, 2019