People v Barnes (2022 NY Slip Op 50500(U))

[*1]

People v Barnes (Christopher)

2022 NY Slip Op 50500(U) [75 Misc 3d 133(A)]

Decided on June 17, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570014/19

The People of the State of New York,
Respondent,
against
Christopher Barnes,
Defendant-Appellant.

In consolidated appeals, defendant appeals from two judgments of the Criminal Court of the
City of New York, New York County (Cori H. Weston, J.), rendered October 29, 2018,
convicting him, upon his pleas of guilty, of criminal possession of stolen property in the fifth
degree and petit larceny, and imposing sentence.

Per Curiam.
Judgments of conviction (Cori H. Weston, J.), rendered October 29, 2018, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instruments only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instruments were
jurisdictionally valid because they described facts of an evidentiary nature establishing
reasonable cause to believe that defendant was guilty of the offenses to which he pleaded guilty.
With respect to the fifth-degree criminal possession of stolen property charge (see Penal
Law § 165.40), the instrument under docket number 2018NY013380 recited that defendant
cashed a money order in the amount of $770 that had been purchased by the complainant Maritza
Melendez and reported stolen by her, and that he did not have complainant's permission or
authority to possess or cash the money order. Contrary to defendant's present contention, the
pleaded allegations were sufficient to support a finding that he knowingly possessed and cashed a
stolen money order. A "defendant's knowledge that property is stolen may be proven
circumstantially, and the unexplained or falsely explained recent exclusive possession of the
fruits of a crime allows a [factfinder] to draw a permissible inference that defendant knew the
property was stolen" (People v
Chandler, 104 AD3d 618, 619 [2013], lv denied 21 NY3d 1002 [2013], quoting
People v Landfair, 191 AD2d 825, 826 [1993], lv denied 81 NY2d 1015 [1993];
see also People v Galbo, 218 NY 283, 290 [1916]). That other innocent inferences could
possibly be drawn from the facts is irrelevant on this pleading stage inquiry (see People v
Deegan, 69 NY2d 976, 979 [1987]). 
With respect to the petit larceny charge under docket number 2018NY021332, the instrument
alleged that the complainant Maria Valarezo purchased a money order in the amount [*2]of $762, payable to her landlord, and that the money order had been
altered and made payable to defendant, who cashed the money order at a Ritecheck store, without
the permission or authority of the complainant. These allegations and the reasonable inferences to
be drawn from them were sufficient for pleading purposes to establish that defendant "exercised
dominion and control over the property ... in a manner wholly inconsistent with the owner's
continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]). At the pleading stage,
defendant's larcenous intent is fairly inferable from his actions in cashing the altered money
order.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 17, 2022