People v Melendez (2023 NY Slip Op 50209(U))

[*1]

People v Melendez (Joel)

2023 NY Slip Op 50209(U)

Decided on March 20, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570155/18

The People of the State of New York, Respondent, 
against
Joel Melendez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered December 6, 2017, convicting him, upon a plea of guilty, of criminal possession of stolen property in the fifth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.), rendered December 6, 2017, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of fifth-degree criminal possession of stolen property (see Penal Law § 165.40). Allegations that police recovered from defendant's waistband four checks written by Dionicio Burgos to four different companies, and that Burgos did not give defendant permission or authority to take, remove or exercise control over such property, supplied "defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]; see also People v Garcia, 290 AD2d 299 [2002], lv denied 98 NY2d 730 [2002]; People v Martinez, 22 Misc 3d 131[A], 2009 NY Slip Op 50138[U][App Term, 1st Dept 2009]). Defendant's contention that the instrument fails to allege facts indicating that he knew the checks were stolen ignores the inferences that can be drawn from his exclusive possession of four checks of which he was neither the payor nor payee, without authority from the owner of said checks (see People v Starks, 70 AD3d 585 [2010], lv denied 15 NY3d 757 [2010] ["defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a [trier of fact] to draw a permissible inference that defendant knew the property was stolen"]; People v Landfair, 191 AD2d 825, 826 [1993], lv denied 81 NY2d 1015 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 20, 2023