People v McNeil (2025 NY Slip Op 06146)

People v McNeil

2025 NY Slip Op 06146

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 2342/18|Appeal No. 4831|Case No. 2019-03849|

[*1]The People of the State of New York, Respondent,
v
Michael McNeil, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Everett K. Hopkins of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Judgment, Supreme Court, New York County (Juan Merchan, J.), rendered May 14, 2019, convicting defendant, after a jury trial, of robbery in the second degree, grand larceny in the fourth degree, and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of five years, unanimously affirmed.
Defendant's robbery conviction was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The People established that defendant forcibly stole property. Defendant's intent "may be inferred from [his] conduct" (People v Steinberg, 79 NY2d 673, 682 [1992]) of engaging in a skirmish with an employee of a sunglasses store after he took two pairs from the store and offered only one of the pairs to the employee. In addition, the employee testified that four pairs of sunglasses were missing from the store, raising an inference that defendant or the person he was with stole additional pairs.
The People also established that defendant was "aided by another person actually present" (Penal Law § 160.10[1]). Defendant and the other person entered the store within 30 seconds of each other, communicated with each other, and stayed within close proximity of each other. The other person "render[ed] immediate assistance to" defendant during the altercation with the employee (People v Stokes, 278 AD2d 18, 19 [1st Dept 2000], lv denied 96 NY2d 763 [2001]), preventing the employee from keeping defendant in the store (see People v Taylor, 203 AD2d 77, 77-78 [1st Dept 1994], lv denied 83 NY2d 915 [1994]).
Defendant failed to preserve his contention that the court erred by failing to instruct the jury not to commingle the evidence of the three separate offenses (see People v Porter, 119 AD3d 438, 439 [1st Dept 2014], lv denied 24 NY3d 1046 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. An instruction against commingling of evidence is incorrect when the evidence of the separate crimes is overlapping, and the evidence of each crime tends to prove the other crimes (see id). 
 Here, the overlap was extensive, including that the crimes all took place on 
 the same street; two of the crimes occurred at the same store; two of the 
 crimes occurred within minutes of each other; and there was extensive 
 evidence that defendant committed all three crimes with the same accomplice. 
 Moreover, the court appropriately instructed the jury that it must reach a 
 separate verdict on each count (see id.). 
 In any event, any error was harmless in light of the overwhelming evidence of guilt (see 
 People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER 
OF THE 
SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

 ENTERED:

November 6, 2025